IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARMANE SMITH,                    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :   CIVIL ACTION NO.
                                   :   1:11-CV-0898-TWT-CCH
SUNTRUST BANK,                     :
                                   :
        Defendant.                 :

**O R D E R**

Attached is the report and recommendation of the United States Magistrate

Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil

Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if

any, to the report and recommendation within fourteen (14) days of service of this

Order. Should objections be filed, they shall specify with particularity the alleged

error or errors made (including reference by page number to the transcript if

applicable) and shall be served upon the opposing party. The party filing objections

will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 24th day of March, 2011.

_____

C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0898-TWT-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUNTRUST BANK, | : | |
| | : | **FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Plaintiff, proceeding *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). In Plaintiff's affidavit filed in support of her Application to Proceed in District Court without Prepaying Fees or Costs [1], she states that she has an average monthly household income of $830, including $674 from disability payments and $156 from food stamps, and average monthly household expenses of $3382. Accordingly, the Court finds that based on Plaintiff's responses, Plaintiff does not have sufficient income and assets to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**.

## I.    DISCUSSION

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. *See* Fed. R. Civ. P. 4(c)(3). In the instant action, the allegations in Plaintiff's Complaint suggest that Plaintiff has failed to state a claim upon which relief may be granted, and if so, the Court may dismiss the action without ordering service by the Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In order to state a claim for which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is *plausible*. *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has further explained this plausibility requirement as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).

Because Plaintiff is proceeding *pro se*, however, her Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even though a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a *pro se* filing excuses a plaintiff

from compliance with threshold requirements of the Federal Rules of Civil Procedure. *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

In this case, the Plaintiff's Complaint lists the claims she is asserting against Defendant SunTrust Bank, but she has failed to include any factual allegations supporting those claims and the Court finds that she has thus failed to allege sufficient facts to make any of those claims plausible. With respect to the claims she has asserted under federal law, Plaintiff asserts a claim under the "F.C.B.A." which the Court interprets as a claim brought under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, and a claim under the "F.C.R.A.," which the Court interprets as a claim brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Although the Plaintiff asserts claims under those statutes against Defendant, she fails to allege any facts in support of those claims that would give rise to a plausible claim that Defendant violated either the FCBA or the FCRA.

The FCBA was designed to provide "an orderly procedure for identifying and resolving disputes between a cardholder and a card issuer as to the amount due at any given time." *Gray v. American Express Co.*, 743 F.2d 10, 13 (D.D.C. 1984). The Supreme Court has summarized the primary provisions of the FCBA as follows:

> If the [cardholder] believes that the statement contains a billing error [as defined in 15 U.S.C. § 1666(b)], he then may send the creditor a written notice setting forth that belief, indicating the amount of the error and the reasons supporting his belief that it is an error. If the creditor receives this notice within 60 days of transmitting the statement of account, [§ 1666(a) ] imposes two separate obligations upon the creditor. Within 30 days, it must send a written acknowledgment that it has received the notice. And, within 90 days or two complete billing cycles, whichever is shorter, the creditor must investigate the matter and either make appropriate corrections in the [cardholder's] account or send a written explanation of its belief that the original statement sent to the [cardholder] was correct. The creditor must send its explanation before making any attempt to collect the disputed amount.

*American Express Co. v. Koerner*, 452 U.S. 233, 235-37 (1981) (quoted in *Gray*, 743 F.2d at 13-14). A creditor or card issuer that fails to comply with any of the requirements of the FCBA is liable to the cardholder for actual damages, twice the amount of any finance charge, and the costs of the action and attorney's fees. 15 U.S.C. § 1640(a).

In the Complaint, Plaintiff states as follows in support of her claim asserted against Defendant under the FCBA: "For failing to investigate my account complaints, failing to give notice of status & completion of an investigation, failing to issue due credit or a refund." Compl. at ¶ 5. That is the entirety of the Plaintiff's allegations in support of her FCBA claim. She alleges absolutely no facts in support of that claim that would demonstrate that the claim is plausible: she does not allege any facts

demonstrating that she had a consumer credit account with Defendant that would fall

under the protections of the FCBA, that there was a billing error on her account, that

she gave the required notice to Defendant within sixty days of receiving her billing

statement containing the alleged billing error, or that Defendant failed to send written

acknowledgment of her notice or to send a written explanation regarding its

investigation into the billing error.

In sum, Plaintiff essentially asserts only that "Defendant violated the FCBA"

without alleging any facts whatsoever to demonstrate that such a claim is plausible.

Under the Supreme Court's ruling in *Iqbal*, the allegations in the Complaint are

insufficient to state a claim because the Plaintiff has failed to "plead[] factual content

that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. Accordingly, the

Plaintiff has failed to state a plausible claim under the FCBA and that claim must be

dismissed.

Plaintiff has also asserted a claim against Defendant under the FCRA. Under

the FCRA, no consumer may bring any action with respect to the reporting of

information against any person who furnishes information to a credit reporting

agency, "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

In the Complaint, Plaintiff states as follows in support of her claim asserted against Defendant under the FCRA: "For reporting negative information about my bank accounts status & closings, to the credit bureaus." Compl. at ¶ 6. That is the entirety of the Plaintiff's allegations in support of her FCRA claim. As with her claim under the FCBA, she alleges absolutely no facts in support of that claim to demonstrate that the claim is plausible. Specifically, although she alleges that Defendant provided "negative information" about her account, she does not allege any facts demonstrating that Defendant furnished any *false* information to any credit reporting agency, nor does she allege that Defendant provided such false information "with malice or willful intent" to injure her.

Furthermore, even assuming that Plaintiff's allegations could be interpreted as asserting that Defendant provided false information to a credit reporting agency with malice or with the intent to injure her, the specific section of the FCRA that prohibits any person from providing false or inaccurate information to a credit reporting agency does not provide a private cause of action to consumers. The FCRA provides, in relevant part, that "[a] person shall not furnish any information relating to a consumer

7

to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). That section, however, includes no private right of action by consumers. *See Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009) (unpublished).

> The Plaintiff attempts to assert a cause of action for violation of 15 U.S.C. § 1681s-2(a)(1)(A) and (B) prohibiting the furnishing of information relating to a consumer to any consumer reporting agency if the person knows or has reasonable belief that the information is inaccurate, or after notice by the consumer that the information is inaccurate. Sections 1681n and o respectively, address civil liability for willful and negligent noncompliance. Section 1681s-2c states that the sections regarding civil liability for noncompliance, §§ 1681n and o, do not apply to violations of § 1681s-2(a). Pursuant to § 1681s-2(d), the provisions of § 1681s-2(a) may be enforced exclusively as provided under § 1681s by the Federal agencies and officials and the State officials identified therein. *In other words, there is no private right of action under 15 U.S.C. § 1681s-2(a)(1)(A) and (B).* As a result, Plaintiff's allegations cannot support this cause of action as a matter of law, and the Court will dismiss Count VI with prejudice.

*Antoine v. State Farm Mutual Automobile Ins. Co.*, 662 F.Supp.2d 1318, 1327 (M.D. Fla. 2009) (emphasis added); *see also Peart*, 345 Fed. Appx. at 386 (although "the FCRA prohibits furnishers of credit information from providing false information," the "statute bars private suits for violations of this provision" (*citing* 15 U.S.C. §§ 1681s-2(a), 1681s-2(c), and 1681s(c)(1)(B) (allowing states to bring an action for violations)). Thus, there is no private cause of action under the FCRA for furnishing

8

false or inaccurate information to a credit reporting agency and Plaintiff's claim under the FCRA must be dismissed on that ground.

Accordingly, the Plaintiff has failed to state a claim for which relief may be granted under either the FCBA or the FCRA and the undersigned **RECOMMENDS** that Plaintiff's FCBA and FCRA claims be **DISMISSED**.

Plaintiff has alleged in the Complaint that this Court has subject matter jurisdiction over this action solely because of federal question jurisdiction and the Plaintiff has not alleged diversity jurisdiction. Compl. at ¶ 1. Nevertheless, the Court notes that Plaintiff states that her residence is in Memphis, Tennessee, while the Defendant SunTrust Bank is located in Atlanta, Georgia. *See* Compl. at 1, 5. Accordingly, the undersigned will assume for the purpose of this discussion that the Court has diversity jurisdiction over the Plaintiff's state law claims.

In addition to her federal claims brought under the FCBA and the FCRA, Plaintiff has also asserted claims against Defendant arising under state law for "strict liability," "breach of contract," "design defect," "vicarious liability tort - conspiracy," and "economic loss/injury." *See* Compl. at ¶¶ 3-4, 7-10. As with her federal claims, the Plaintiff has not alleged any factual allegations in support of these claims and the

9

undersigned finds that Plaintiff has failed to state a claim for which relief may be granted under the standard set forth by the Supreme Court in *Twombly* and *Iqbal*. *See, e.g., Gardner, et al., v. Countrywide et al.*, Civil Action No. 1:10-CV-2529-TWT, N.D.Ga. (Order dated October 21, 2010); *Smith v. Federal Reserve Bank of Atlanta*, Civil Action No. 1:08-CV-0154-TWT, N.D.Ga. (Order dated Feb. 25, 2008).[1]

When a complaint fails to state a claim for relief, a district court may grant a plaintiff leave to amend subject to reasonable conditions and limitations. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006). The leniency afforded to *pro se* litigants, however, "does not give a court license to serve as a *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted). A district court need not allow an amendment when there has been undue delay, when allowing an amendment would cause undue prejudice to the opposing party, or when an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

---

[1] Plaintiff Charmane Smith was also the plaintiff in *Smith v. Federal Reserve Bank of Atlanta*, Civil Action No. 1:08-CV-0154-TWT, N.D.Ga., which Judge Thrash dismissed in an Order dated February 25, 2008, on the ground that the plaintiff failed to state a claim against the defendant.

In this case, based upon the complete lack of factual allegations presented in the Complaint in support of the Plaintiff's claims, the undersigned finds that allowing Plaintiff leave to amend the Complaint to correct the deficiencies discussed above would likely be futile. In deference to Plaintiff's *pro se* status, however, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**, which would allow the Plaintiff to re-file a new complaint against Defendant with specific and detailed factual allegations supporting her claims.[2]

## II.    RECOMMENDATION

Accordingly, for the reasons discussed above, although Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [2] is **GRANTED**, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

---

[2] *See* Report and Recommendation [6] dated June 16, 2010 at 12, in *Myers v. Litton Loan Servicing, et al.*, Civil Action No. 1:10-CV-1324-WCO, N.D. Ga., adopted in an Order [8] dated August 11, 2010 (O'Kelley J.) (dismissing a *pro se* complaint without prejudice for failure to state a claim).

11

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 24th day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE